UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------
NICOLE TELFORT,

                           Plaintiff,

        vs.

ALLIED INTERSTATE, LLC,

                           Defendant.
-----------------------------------------------------------------

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Nicole Telfort ("Plaintiff"), by and through her attorneys, Law Offices of Michael Lupolover, P.C., as and for her Complaint against the Defendant Allied Interstate, LLC ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION

1.      This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") by Defendant and their collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction over any state, local and common law claims in this action pursuant to 28 U.S.C. §1367(a).

3.      This Court has jurisdiction over Plaintiff's TCPA claim pursuant to Mims v. Arrow Financial Svcs. LLC, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

4.      Venue is proper in this District 28 U.S.C. § 1391(b)(1) and (2) because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5.      Plaintiff is a natural person who resides in East Orange in the State of New Jersey and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6.      Defendant Allied Interstate, LLC is a debt collection company and Minnesota business entity engaged in business of collecting consumer debts in this state and judicial district. Defendant has a registered agent located at 111 Eighth Avenue, New York, NY 10011.

7.      Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

8.      Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9.      On information and belief, Defendant, on behalf of itself or a third-party, began collecting an alleged consumer debt from Plaintiff ("the alleged debt").

10.     The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

11.     The alleged debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12.     In or around October 2014, Defendant began calling Plaintiff on Plaintiff's cellular telephone at 973-979-38xx in an attempt to collect a debt.

13.     Defendant called Plaintiff from 877-489-5688, which has been confirmed as Defendant's telephone number as of the date of this complaint.

14.     Per its prior business practices, each collection call placed by Defendant to Plaintiff was placed using an automatic telephone dialing system.

15.     "Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent." Sharp v. Allied Interstate, Inc., 2014 U.S. Dist. LEXIS 40256 (W.D.N.Y. Mar. 23, 2014) (citing In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 23 F.C.C. Rcd. 559, 565 (2008)).

16.     Defendant "must prove that the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." Sharp, 2014 U.S. Dist. LEXIS 40256 (citing F.C.C.R. at 564-565).

17.     The U.S. Court of Appeals for the Third Circuit ruled that express consent to be called can be revoked at any time. Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 2013 U.S. App. LEXIS 17579, 2013 WL 4463305 (3d Cir. Pa. 2013).

18.     Defendant used an "automatic telephone dialing system" or an artificial or prerecorded voice, as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

19.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

20.     Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21.     Plaintiff has never provided any personal information, including her cellular telephone number, to Defendant for any purpose.

22.     Plaintiff has never provided any personal information, including her cellular telephone number, to the original creditor for any purpose.

23.     Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

24.     Defendant has placed at least twelve (12) collection calls to Plaintiff utilizing an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone from October 14, 2014 through October 22, 2014.

25.     On or about October 21, 2014 at 5:55pm EST, Plaintiff spoke with Defendant on the telephone and at this time Plaintiff told Defendant to stop calling her cellular telephone.

26.     Despite Plaintiff's request that Defendant stop calling, Defendant continued to place telephone calls to Plaintiff on her cellular telephone using an automatic telephone dialing system.

27.     Plaintiff told Defendant that all of their telephone calls were inconvenient.

28.     Despite Defendant's assurance that Plaintiff would receive no more telephone calls, Defendant placed more than one (1) telephone call the very next day on October 22, 2014 using an automatic telephone dialing system and contrary to Plaintiff's wishes.

29.     Plaintiff finds Defendant's telephone calls to be harassing and annoying.

30.     Plaintiff finds Defendant's inability to stop the telephone calls as they promised to be harassing and annoying.

31.     Defendant has left at least one (1) voice mail message for Plaintiff.

32.     Defendant's voice mail message states the name of Defendant as Allied Interstate, LLC and states the message is an attempt to collect a debt.

33.     Defendant's voice mail message fails to state the name of the consumer that Defendant is attempting to collect a debt from which is deceptive.

**FIRST CAUSE OF ACTION**
**FAIR DEBT COLLECTION PRACTICES ACT**

34.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

35.     Defendants' debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

a.     15 U.S.C. §1692b(1), (2), and (3).

b.     15 U.S.C. §1692c(a)(1).

c.     15 U.S.C. §1692d-preface, (5), and (6).

d.     15 U.S.C. §1692e-preface, (2)(A), (5), (10), and (11).

e.     15 U.S.C. §1692f-preface and (5).

f.     15 U.S.C. §1692g.

36.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to statutory damages of $1,000.00 in accordance with the FDCPA.

37.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to attorney's fees and costs in accordance with the FDCPA § 1692k.

**SECOND CAUSE OF ACTION**
**TELEPHONE CONSUMER PROTECTION ACT**

38.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "37" herein with the same force and effect as if the same were set forth at length herein.

39.     Defendant's conduct violated the TCPA by placing non-emergency telephone

calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii) when Defendant called Plaintiff using an automatic telephone dialing system.

40.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

42.     Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Nicole Telfort demands judgment from the Defendant Allied Interstate, LLC as follows:

    A.     For actual damages provided and pursuant to 15 U.S.C. §1692k;

    B.     For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C. §1692k;

    C.     For statutory damages of $500.00 for each and every negligent violation of 47 U.S.C. § 227(b)(1) pursuant to 47 U.S.C. 227(b)(3)(B);

    D.     For statutory damages of up to $1,500.00 for each and every willful and/or knowing violation of 47 U.S.C. § 227(b)(1) pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C);

    E.     For attorneys' fees, costs and disbursements;

    F.     For an award of pre-judgment interest on all sums awarded and/or

collected;

G.      For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff Nicole Telfort hereby respectfully requests a trial by jury for all claims and issues in her Complaint to which she is or may be entitled to at a jury trial.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I hereby certify to my own knowledge and based upon information available to me at my office and pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Dated:        January 30, 2015

Respectfully submitted,

**LAW OFFICES OF MICHAEL LUPOLOVER, P.C.**

By: /s/ David P. Force_____
David P. Force, Esq.
Law Offices of Michael Lupolover, P.C.
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
Phone:      201-461-0059
Facsimile: 201-608-7116
Email:      david@lupoloverlaw.com
Attorney for the Plaintiff Nicole Telfort